UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY G. MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-02214 (UNA) |
| ) | |
| AMERICAN SIGNATURE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss this matter without prejudice.

Plaintiff, a resident of Washington, D.C, sues American Signature, which appears to be a furniture retail company, located in somewhere in Columbus, Ohio. The complaint is far from a model in clarity. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The instant complaint fails to comply with Federal Rule 8, as the intended claims, supporting facts, and any basis for jurisdiction or venue, are unclear.

To the extent it can be understood, plaintiff contends that he is in some sort of a dispute with American Signature, and/or Value City Furniture, over amounts owed. He proposes settlement of the dispute.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's dispute over fees owed simply does not raise a federal question.

As to diversity jurisdiction, while plaintiff is located in the District, and defendant is located somewhere in Columbus, Ohio, no specific address is provided for the defendant. It is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Furthermore, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, the citizenship of the defendant is unclear, and those details must be specifically particularized when suing a corporation. *See* 28 U.S.C. § 1332(c) (explaining that a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal

place of business."). Moreover, as pleaded, plaintiff's residence in the District of Columbia, standing alone, fails to establish a connection between his intended claims and this District. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

Finally, "Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). Here, plaintiff has failed to present a case or controversy decidable by this court, because the only relief he seeks is a settlement. While the court certainly commends plaintiff for seemingly attempting to negotiate terms of settlement, and to perhaps amicably resolve this dispute, disclosure to the court of details arising from settlement discussions is "inconsistent with the general principle recognized in this Court that settlement negotiations are confidential and may not be disclosed." *Gard v. Dep't of Education*, No. 00-1096 (PLF), 2007 WL 9759999, at *1 n.2, *2 (D.D.C. Nov. 9, 2007) (striking disclosure of settlement terms in status report); *see also Jones v. Ashcroft*, 321 F. Supp. 2d 1, 12 (D.D.C. 2004) (refusing to consider plaintiff's claims about the futility of settlement discussions because settlement discussions are to remain confidential); *Childers v. Slater*, No. 97-853, 1998 WL 429849, at *6 (D.D.C. May 15, 1998) (observing that "as a matter of public policy, as well as a matter of practice[,] . . . the district judges and the magistrate judges of this Court . . . insist that all settlement negotiations remain confidential").

For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 7, 2022                              _____ s/s _____
                                                                                  COLLEEN KOLLAR-KOTELLY
                                                                                  United States District Judge